# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

CRIMINAL NO. 06-52-DLB-JGW

UNITED STATES OF AMERICA                                            PLAINTIFF

VS.

HEATH BRANDON DUNAWAY                                DEFENDANT

## REPORT AND RECOMMENDATION

On January 18, 2012 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, HEATH BRANDON DUNAWAY, show cause why his supervised release should not be revoked. The defendant was present in Court and represented by Chris Jackson and the United States was present through Assistant United States Attorney Laura Voorhees. The proceedings were recorded by official court reporter Joan Averdick and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted violating the terms of his supervised release as set out in the January 4, 2012 supervised release violation report and the January 17, 2012 addendum to that report.

After pleading guilty to Armed Bank Robbery, Dunaway was sentenced on November 13, 2006 to forty-eight months imprisonment to be followed by three years of supervised release. Special conditions of that supervision included: 1) participation in a substance abuse treatment program and shall submit to periodic drug and alcohol testing at the direction and discretion of the probation officer; 2) abstain from the use of alcohol; 3) provide the officer with access to any requested financial information; 4) the defendant shall not incur new credit charges or open

1

additional lines of credit without the approval of the probation officer unless he is in compliance with the installment payment schedule; 5) participation in a program of mental health treatment, to include treatment for his gambling addiction, at the direction and discretion of the probation officer; and 6) the defendant shall be prohibited from entering any and all gambling establishments while under his term of supervision. Defendant was also ordered to pay a $100.00 special assessment and $2,740.00 in restitution. His term of supervised release began on November 4, 2009 and he now stands charged with the following violations:

**VIOLATION #1: THE DEFENDANT SHALL PAY ALL FINES AND RESTITUTION IN ACCORDANCE TO THE JUDGMENT.**

While in custody the defendant made two $25.00 payments toward restitution and a subsequent order was entered, dated January 11, 2010, directing defendant to make monthly payments of $100.00. On May 19, 2011 Dunaway made a $2,000.00 payment toward restitution, has not made any payments since then and currently owes $690.00.

**VIOLATION #2: THE DEFENDANT SHALL REPORT TO THE PROBATION OFFICER AND SHALL SUBMIT A TRUTHFUL AND COMPLETE MONTHLY WRITTEN REPORT WITHIN THE FIRST FIVE DAYS OF EACH MONTH**.

Mr. Dunaway has failed to submit monthly reports as directed. The last monthly report submitted by the defendant was August 2011. Mr. Dunaway typically submits multiple reports at once. At one point, he failed to submit monthly reports for one full year.

**VIOLATION #3: THE DEFENDANT SHALL NOT INCUR NEW CREDIT CHARGES OR OPEN ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBATION OFFICER UNLESS HE IS IN COMPLIANCE WITH THE INSTALLMENT PAYMENT SCHEDULE.**

Defendant has opened two new lines of credit without permission of the probation office: 1) Westlake Financial Services opened August 2011 for $7,385.00 with a current balance of

$7,194.00; 2) Nicholas Financial, Inc., opened August 2011 for $16,911.00 with a current balance of $9,644.00.

**ADDENDUM**

**VIOLATION #4: THE DEFENDANT SHALL REFRAIN FROM ANY UNLAWFUL USE OF A CONTROLLED SUBSTANCE.**

On January 12, 2012 Mr. Dunaway appeared before U.S. Magistrate Judge Wier for an initial appearance regarding revocation of his supervised release. The Court ordered Mr. Dunaway to submit a drug test which yielded positive results for cocaine. He admitted to use. Mr. Dunaway reported that he had been using cocaine for the past two weeks, using four to five times per day.

**VIOLATION #5: THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME.**

Cocaine is a Schedule II Controlled Substance, pursuant to the Controlled Substance Act. Due to the Sixth Circuit Court of Appeals' finding that use equals possession, simple possession of cocaine constitutes conduct that would result in a violation of KRS §218A.1415, Possession of a Controlled Substance in the First Degree, a Class D Felony.

The parties have reached an agreement as to the appropriate disposition of this case, and the Court being satisfied from dialogue with the defendant that he understands the nature of the violations pending against him, has had ample opportunity to consult with counsel, and enters this agreement knowingly and voluntarily, accordingly;

**IT IS RECOMMENDED:**

1. That the defendant be found to have violated the terms of his supervised release and addendum thereto as set out above, and that his supervised release be REVOKED;

2. That the defendant, HEATH BRANDON DUNAWAY, be sentenced to **TIME**

> **SERVED**, followed by **TWO (2) YEARS** supervised release;

3. The defendant shall participate in a substance abuse treatment program (with increased substance abuse counseling and testing) and shall submit to periodic drug and alcohol testing at the direction and discretion of the probation officer during the term of supervision;

4. The defendant pay restitution in the amount of $690.00 at the rate of $100.00 per month.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within fourteen (14) days.** A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 19th day of January, 2012.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge